UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CSX TRANSPORTATION, INC., )
)
Plaintiff, )
)
vs. )   Case No. 3:05-cv-1271-J-32MCR
)
PROFESSIONAL TRANSPORTATION, INC., )
)
Defendant. )

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

Defendant, Professional Transportation, Inc. ("PTI"), hereby files this Memorandum of Law in Opposition to Plaintiff CSX Transportation, Inc. ("CSXT")'s Motion to Dismiss Counterclaim and states:

### INTRODUCTION

Paragraph 10(D) is an enforceable term of the contract and CSXT should not be permitted to escape liability by arbitrarily labeling the Agreement an unenforceable agreement to agree. Under Florida law, a contract which contains all essential terms is an enforceable contract, regardless of whether some terms are left open to future negotiation or modification. Here, the Agreement between CSXT and PTI contained all essential terms and is an enforceable contract as a matter of law. This Court should deny CSXT's Motion to Dismiss Counterclaim ("Motion") and permit the parties to present argument and/or evidence to the court supporting their conflicting interpretations of Section 10(D) for final resolution by this Court.

### ARGUMENT

### I.   STANDARD OF REVIEW

"The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low." *Tague v. Florida Fish & Wildlife Conservation Com'n.*, 390 F.Supp.2d 1195, 1203 (M.D. Fla. 2005). A district court will not dismiss a complaint for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle the plaintiff to relief." *U.S. v. Seminole Tribe of Florida*, 45 F.Supp.2d 1330, 1330 (M.D. Fla. 1999); *Farrow v. Henderson*, 195 F.Supp.2d 1320, 1323 (M.D. Fla. 2001). Further, a district court "must view the allegations of the complaint in the light most favorable to the Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom." *Omar ex re. Cannon v. Lindsey*, 243 F.Supp.2d 1339, 1342 (M.D. Fla. 2003).

Moreover, a motion to dismiss for failure to state a claim does not decide the merits of the case, but merely tests the sufficiency of the complaint. *Beeline Entertainment Partners, Ltd. v. Cnty. of Orange*, 243 F.Supp.2d 1333, 1335 (M.D. Fla. 2003). Thus, the question before the court is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Little v. N. Miami*, 805 F.2d 962, 965 (11th Cir. 1986).

### II.   PARAGRAPH 10(D) IS AN ENFORCEABLE TERM OF THE CONTRACT.

CSXT incorrectly interpreted Florida law concerning the distinction between a binding contract and an agreement to agree. Under Florida law,

2

parties that enter into a written agreement or contract which contains terms that they disagree upon the interpretation of, cannot later escape liability by contending that the minds of the parties never met. *Innkeepers Intern'l. Inc. v. McCoy Motels, Ltd.*, 324 So.2d 676, 678 (Fla. App. 1976). Rather, Florida law holds that a contract which contains the essential terms of an agreement is a binding contract upon the parties and cannot be described as merely an "agreement to agree." *Leopold v. Kimball Hill Homes Fl. Inc.*, 842 So.2d 133, 137 (Fla. App. 2003). Further, a contract will not be declared merely an agreement to agree and thereby voided for uncertainty unless there is no way out and the "indefiniteness reaches the level where construction becomes futile." *Innkeepers Intern'l. Inc.*, 324 So.2d at 678.

A contract is not indefinite and lacking in effect merely because some of its terms are left to future agreements. *Peninsula Intern'l. Corp. v. Citizens & S. Intern'l. Bank*, 19 B.R. 762, 762 (Bkrtcy. Fla. 1982). An "agreement to agree" within a contract where all of the essential terms have been specified, is "simply an agreement in praesenti to do it." *Id.*; *Sav-A-Stop Inc. v. Jaydon, Inc.*, 124 B.R. 356, 359 (Bkrtcy. Fla. 1991) (stating that a contract does not lack in effect merely because it expresses the idea that something is left to future agreement). Florida courts will not frustrate the intent of parties who have concluded a transaction pursuant to the terms of an agreement even though the court may have to choose among conflicting interpretations or fill in some gaps left by the parties. *Innkeepers Intern'l. Inc.*, 324 So.2d at 678.

3

For example, in *Leopold* the plaintiff entered into a contract with the defendant/ builder to construct a new home for the plaintiff/buyer. *Leopold*, 842 So.2d at 134. The agreement contained such essential terms as the price of the home, square footage, the party responsible for paying the architect, and who would approve the specifications. *Id*. at 136. However, the agreement left certain terms open to future negotiations and modifications such as the financing contingency clause and the terms of the completion of construction. *Id*. at 136-37. The builder claimed that these uncertain and open terms resulted in an indefinite and unenforceable agreement. *Id*. However, the court disagreed and held that because all of the essential terms had been agreed to, the remaining terms of the contract could be left to future negotiations and modifications. *Id*. The court reasoned that all of the details of a contract do not need to be definitely fixed to be binding on the parties. *Id*.

Similarly, in *Tullis* the plaintiff appealed the lower court's decision which held that the settlement agreement between the parties was an enforceable contract. *Don L. Tullis & Assoc., Inc. v. Benge*, 473 So.2d 1384, 1386 (Fla. App. 1985). The plaintiff claimed that the settlement agreement was merely an agreement to agree and should not be enforced because it did not state the exact sum of the settlement nor the method to use to compute the amount of the settlement. *Id*. The appellate court disagreed and upheld the lower court's decision. *Id*. The appellate court reasoned that the settlement agreement was

4

enforceable because it was acceptable for the parties to resolve the method to be used to compute the settlement in a later agreement. *Id*. at 1387.

Moreover, in *Peninsula Intern'l. Corp.*, the plaintiff argued that the agreement with the defendant was merely an agreement to agree and not enforceable because its terms awarded the plaintiff uncertain sums from "future accounts receivable…potential tax refunds, insurance proceeds…and [the defendant's] best efforts during the year to maximize the liquidation." 19 BR. at 763. Despite the fact that there was no way to determine the amounts of such accounts, tax refunds or insurance proceeds and the fact that there was no way to determine whether the defendant was exerting his "best efforts," the court held that the agreement was an enforceable contract. *Id*. at 763-64. The court reasoned that "a contract is not necessarily lacking in all effect because it expresses the idea that something is left to future agreements." *Id*. at 764.

Here, CSXT incorrectly interpreted Florida law and did not present any authority to substantiate its claims.[1] CSXT claimed that because Section 10(D)

---

[1] CSXT relied upon the case *St. of Florida Dept. of Corrections v. C&W Food Service, Inc.*, 765 So.2d 728 (Fla. App. 2000) throughout its Motion to Dismiss Counterclaim. *See* Plaintiff's Motion to Dismiss Counterclaim, pgs. 10-15. However, CSXT incorrectly interpreted the *C&W Food Service* case and this case does not support CSXT's position.

In *C&W Food Service* the parties had entered into a contract where C&W provided food storage and delivery service to the Dept. of Corrections. After the one year contract term ended, the Dept. of Corrections unilaterally decided not to renew the contract with C&W. C&W claimed that the Dept. of Corrections breached the contract because it did not comply with a term which required a good faith negotiation of the renewal term. The court held that this term was unenforceable; however, contrary to CSXT's assertion, the court held that this term was unenforceable because a Florida statute governs the renewal term in state procurement contracts. The court clearly states that "the outcome

5

was left to future negotiation that it is merely an agreement to agree and not enforceable. However, under Florida law when a contract contains the essential terms of an agreement, the agreement is a binding contract upon the parties and enforceable. Further, when a binding contract exists, Florida courts will work to resolve conflicting interpretations and fill in any gaps left by the parties. Here, the contract between the parties contains all of its essential terms as evidenced by the fact that CSXT and PTI have operated under this contract for almost six years.

Moreover, Section 10(D) is not an isolated independent term of the contract between the parties. Instead, as CSXT correctly states on page six of its Motion, Section 10(D) is a "sub-section of a much larger portion of the Agreement that contains comprehensive and specific provisions governing the allocation of liability..." Sections 10(A), (B) and (C) address the allocation of liability between the parties. Section 10(D) contains trigger language when PTI is either unable to procure insurance due to the agreed allocation of liability or when the renewal premium for insurance is at least seventeen and one-half percent (17.5%) greater than the premium for the preceding term. Here, the

_____

(footnote continued from previous page)

of this case does not turn on a duty to negotiate, but rather on the proper application of section 287.058, Florida Statutes, which governs state procurement contracts. This statute provides that every state contract that is subject to the competitive bidding process must include certain provisions. Among other things, the statute establishes the conditions for renewal of a state procurement contract." *Id.* at 729. The contract in dispute did not comply with the statute; therefore, the renewal clause was unenforceable. Here, there is no statute governing Section 10(D) in the contract; consequently, the holding in *C&W* is not relevant.

6

insurance premium increased by more than 17.5% and the trigger language of Section 10(D) should have prompted good faith negotiations to determine whether to modify the allocation of liability and insurance requirements and to provide financial protection and reimbursement to PTI.  Section 10(D) does not stand alone as an uncertain independent term, but instead is a sub-part of a larger section of the contract which was included to provide protection for PTI from the increasing cost of procuring insurance.   Consequently, the entire contract including Section 10(D) consists of all its essential terms and is enforceable.

Moreover, despite CSXT's claim, under Florida law a contract will not be reduced to an unenforceable agreement to agree merely because one or even some of its terms are left to future agreements.  Similar to the situation in *Tullis* where the court held that the settlement agreement was enforceable despite the fact that the parties did not agree to an amount or a method to calculate the amount; here, the contract, including Section 10(D), contains all of the essential terms and should be enforced pursuant to the terms agreed upon by the parties. Further, the present situation is also similar to that in *Leopold* and *Peninsula Intern'l. Inc.* where Florida courts held that all of the details of a contract do not need to be definitely fixed to be binding on the parties.  Here, the essential terms have been agreed to by the parties and under Florida law all terms of an agreement do not need to be definitely decided.

This Court is presented with a contract which the parties have successfully worked together under for almost six years. CSXT should not be allowed to escape liability by claiming that one portion of it is merely an agreement to agree. CSXT is bound to the terms agreed upon by the parties and cannot claim the terms of Section 10(D) are unenforceable because CSXT now disagrees with any interpretation of this term that will cost CSXT any money. This court has the authority under Florida law to determine the appropriate interpretation of Section 10(D) and fill in the gaps that may be missing. Thus, this court should deny CSXT's Motion to Dismiss Counterclaim and permit the parties to proceed in proving their interpretation of this enforceable term of the contract.

Respectfully submitted,

**LILES, GAVIN, COSTANTINO & GEORGE**

Rutledge R. Liles, Esq.
Florida Bar No.: 102806
Robert B. George, Esq.
Florida Bar No.: 0108995
225 Water Street, Suite 1500
Jacksonville, Florida 32202
Telephone: (904) 634-1100
Facsimile:   (904) 634-1234

- and -

8

Paul J. Wallace, Esq.
**BOWERS HARRISON, LLP**
25 N.W. Riverside Drive, 2nd Floor
Evansville, Indiana  47708
Telephone:  (812) 426-1231
Facsimile:    (812) 464-3676

Trial Counsel for Defendant
Professional Transportation, Inc.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon the following person **VIA U.S. MAIL**, this ___11th___ day of May, 2006:

Michael A. Abel
Holland & Knight, LLP
50 North Laura St., Suite 3900
Jacksonville, Florida  32202
*e-mail:  michael.abel@hklaw.com*

_____
Attorney

9